FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHONGMING ZHOU, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-70906 <br><br> Agency No. A095-302-749 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010 [**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

ZhongMing Zhou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order affirming the immigration judge's ("IJ")

denial of asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT"). We have jurisdiction under 8 U.S.C § 1252. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's adverse credibility findings. *See Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007). We deny the petition for review.

The record does not compel the conclusion that Zhou demonstrated changed circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. 208.4(a)(4); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657–58 (9th Cir. 2007) (per curiam). Accordingly, we deny Zhou's asylum claim.

Substantial evidence supports the IJ's adverse credibility finding because Zhou testified inconsistently with respect to the date of his arrest and the length of time he remained in China after his arrest. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). In the absence of corroborating evidence, his withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)

Finally, Zhou has failed to establish eligibility for CAT relief because Zhou's CAT claim is based on the same testimony the IJ found not credible and Zhou points to no other evidence that the IJ should have considered. *See id*. at 1156–57.

**PETITION FOR REVIEW DENIED.**